UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CLAUDE COX                                                      PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:12CV-P842-H

THE DEPARTMENT OF CORRECTIONS                     DEFENDANT

**MEMORANDUM OPINION**

        On December 21, 2012, the Clerk of Court issued a deficiency notice to Plaintiff directing him to resubmit his complaint on a form for filing a 42 U.S.C. § 1983 action; to either pay the $350.00 filing fee or file an application to proceed without prepayment of fees along with a certified copy of his prison trust account statement for the six-month period preceding the filing of the complaint; and to submit a summons form for each Defendant. The deficiency notice advised Plaintiff that failure to comply within 30 days, without good cause shown, would result in this matter being brought to the attention of the Court. Plaintiff failed to comply. The Court, therefore, entered an Order dated March 19, 2013, directing Plaintiff to cure the deficiencies listed above. The Court warned Plaintiff that failure to comply within 21 days would result in dismissal of the action. The 21 days have passed without any response by Plaintiff.

        Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained

dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan*, 951 F.2d at 110.

Because Plaintiff failed to comply with the Clerk's directive and with an Order of this Court, the Court concludes that he has abandoned any interest in prosecuting this action.

Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
4412.005

2